1  CHAPMAN, POPIK & WHITE LLP
   John G. Heller (State Bar No. 129901)
2  650 California Street, 19th Floor
   San Francisco, CA 94108
3  Telephone: (415) 352-3000
   Facsimile: (415) 352-3030
4
   Michael A. Scheibli (S.B. No. 196748)
5  Attorney at Law
   1416 West Street
6  Redding, CA 96001
   Telephone: (530) 243-0317
7  Facsimile: (530) 243-2003

8  Attorneys for Plaintiff
   BARRY A. HAZLE, JR.
9

10                      UNITED STATES DISTRICT COURT

11                      EASTERN DISTRICT OF CALIFORNIA

12 BARRY A. HAZLE, JR.                        )   No.
                                              )
13        Plaintiff,                          )   COMPLAINT FOR DAMAGES AND
                                              )   INJUNCTIVE RELIEF
14 v.                                         )
                                              )
15 MITCH CROFOOT, Individually and as Parole  )
   Officer of the California Department of    )
16 Corrections; BRENDA WILDING, Individually  )   JURY TRIAL DEMANDED
   and as Unit Supervisor of the California   )
17 Department of Corrections; MATTHEW         )
   CATE, Individually and as Secretary of the )
18 California Department of Corrections and   )
   Rehabilitation; SCOTT KERNAN, Individually )
19 and as Chief Deputy Secretary of Adult     )
   Operations of the California Department of )
20 Corrections and Rehabilitation; TIM        )
   HOFFMAN, Individually and as Director of the)
21 Division of Adult Parole Operations in     )
   California; MARION SMITH, Individually and )
22 in his official capacity; Deputy Commissioner)
   JALLINGS, Individually and as Deputy       )
23 Commissioner of the Board of Prison Hearings;)
   WESTCARE, a Nevada Non-Profit              )
24 Corporation; MENTAL HEALTH SYSTEMS,        )
   INC., a California Corporation,            )
25                                            )
          Defendants.                         )
26 _____  )

                                      1
No. _____ – Complaint for Damages and Injunctive Relief; Jury Trial Demand

## INTRODUCTION

1. As a condition of parole following incarceration on drug possession charges, Barry Hazle was required to participate in a "12-step" religious drug treatment program. Hazle protested that the teachings and activities of this program offended his beliefs, and he sought to be transferred to a secular treatment program. He was informed that no such alternative existed. Hazle's parole officer concluded that Hazle's resistence to the religious treatment program constituted a violation of the terms of parole. Hazle's parole was revoked, and Hazle was returned to jail for roughly 125 days, spending the bulk of that time in an overcrowded and dangerous state prison in Norco, California.

2. Hazle's rights under the Establishment Clause of the First Amendment of the United States Constitution were violated by this conduct. The choice to which Hazle was put – "to be imprisoned or renounce his own religious beliefs" – is one that, according to the Ninth Circuit Court of Appeals, "offends the core of Establishment Clause jurisprudence." *Inouye v. Kemna*, 504 F.3d 705, 714 (9th Cir. 2007).

3. In this lawsuit, Hazle seeks relief for this violation under the federal civil rights laws. He also seeks an order from this Court prohibiting the illegal expenditure of public money to fund the unconstitutional policies and procedures to which he was subjected.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages against defendants for the commission of acts, under color of state law, that deprived Barry Hazle of rights secured under the Constitution and laws of the United States. The Court has jurisdiction of the federal claims as to all defendants pursuant to 28 U.S.C. sections 1343 (a)(3) and 1343(a)(4), 28 U.S.C. section 1331(a), and 42 U.S.C. section 1983. Jurisdiction for plaintiff's state law claims is based upon the Court's supplemental jurisdiction under 28 U.S.C. section 1367.

5. Venue is proper in this court under and pursuant to 28 U.S.C. section 1391(b) for the reason that the acts and omissions complained of occurred in the City of Redding, Shasta County, California.

### THE PARTIES

6. Plaintiff Barry A. Hazle, Jr., is a resident of the County of Shasta, California. Within one year of the commencement of this action, Hazle has paid state income taxes.

7. Defendant Mitch Crofoot was employed as a parole officer by the Department of Corrections and Rehabilitation, and was Hazle's assigned parole officer in 2007. On information and belief, Crofoot recommended that Hazle's parole be revoked, and participated in that decision. He is sued in his individual and official capacities.

8. Defendant Brenda Wilding was at all relevant times Crofoot's Unit Supervisor, and participated in, approved and ratified Crofoot's decisions to revoke Hazle's parole status. She is sued in her individual and official capacities.

9. Defendant Commissioner Jallings is, on information and belief, a Deputy Commissioner of the Board of Prison Hearings, located at the California Rehabilitation Center in Norco, California. On information and belief, Jallings approved and ratified the order revoking Hazle's parole and directing that he be returned to state prison. He is sued in his individual and official capacities. His full name is not presently known.

10. Defendant Matthew Cate is the Secretary of the California Department of Corrections and Rehabilitation, and has ultimate authority for all policies, directives and decisions pertaining to parole, conditions of parole, and revocation of parole that apply to persons released from California State prisons. He is sued in his official and individual capacities.

11. Defendant Scott Kernan is Chief Deputy Secretary of Adult Operations of the California Department of Corrections and Rehabilitation. He has direct oversight and supervisory responsibility for the Division of Adult Parole Operations (DAPO), and thus has

authority for developing and implementing policies pertaining to parole, conditions of parole, and revocation of parole for parolees from California state prisons. He is sued in his official and individual capacities.

12. Defendant Tom Hoffman is the Director of the Division of Adult Parole Operations (DAPO), and has authority for developing, implementing, supervising and ratifying policies pertaining to parole, conditions of parole, and revocation of parole for parolees from California State prisons. He is sued in his official and individual capacities.

13. Defendant Westcare is a non-profit corporation headquartered in Las Vegas, Nevada, that contracts with the State of California and/or Department of Corrections and Rehabilitation to provide public and governmental services, and serves as the Substance Abuse Services Coordination Agency (SASCA) in Parole Region I of California, which includes and encompasses Shasta County and adjacent counties. Among other responsibilities as the SASCA for Region I, Westcare creates a network of treatment facilities for parolees with drug-related convictions, and contracts and coordinates with the State of California to place parolees in these treatment programs.

14. Defendant Marion Smith is an employee of Mental Health Systems, Inc., and made the decision and/or recommendation to assign Hazle to the Empire Recovery Center, a residential drug treatment facility. He is sued in his individual and official capacities.

15. Defendant Mental Health Systems, Inc. is, on information and belief, a California corporation headquartered in San Diego which contracts with the State of California and/or Department of Corrections and Rehabilitation to, among other things, provide public and governmental services relating to the placement of parolees in residential drug treatment facilities.

16. At all times material to this complaint, the defendants, and each of them, were engaged in an employer-employee, master-servant and/or principal-agent relationship with one another, and each was acting within the course and scope of such relationship(s).

17. At all times material to this complaint, defendants acted under color of the statutes, customs, ordinances, and usages of the State of California.

## GENERAL ALLEGATIONS

18. From February 27, 2006 to February 26, 2007, Hazle was incarcerated in state prison at the California Rehabilitation Center in Norco, California. He was imprisoned after the Shasta County Superior Court sustained a petition for revocation of probation following Hazle's conviction for possession of illicit drugs. (This ruling, the sole basis for Hazle's initial incarceration, was later overturned in a published opinion by the California Court of Appeal, Third Appellate District.)

19. Hazle was released on parole from prison on February 26, 2007. One condition of his parole was that he attend and complete a 90-day residential drug treatment program. He was assigned to a program in Shasta County called Empire Recovery Center (Empire). Hazle was required to reside at the Empire facility, participate in daily classes and meetings, and abide by the rules and regulations established by Empire representatives.

20. Shortly after arriving at Empire, Hazle discovered that Empire used a "12-step" recovery program originally developed by Alcoholics Anonymous and Narcotics Anonymous. This program is rooted in religious faith, and contains integral religious components. Among other features, the "12-step" method involves and requires an acknowledgment of the existence of a supernatural God, the deference to a monotheistic "higher power," and participation in prayer.

21. Hazle is an Atheist. The substantial religious components to the "12-step" program administered at Empire were and are antithetical to his beliefs. At the time he was released on parole, Hazle had requested that he not be placed in a treatment facility that

1 contained religious components. This request was made to Marion Smith, an employee of Mental Health Systems and the official responsible for placing Hazle in a residential treatment facility.

22. Hazle objected on several occasions to the compelled participation in a religious program, both to representatives of Empire, and to his parole officer Crofoot. Hazle also requested that he be allowed to satisfy the residential treatment requirement of his parole by participating in a secular recovery program.

23. This request was denied. Crofoot told Hazle that, as confirmed by SASCA, "all of the programs in Northern California are 12-step programs."

24. Hazle set forth his opposition to this coerced participation in a religious program in a formal Inmate/Parolee Appeal known as a 602 form (the "602 Appeal"). In his 602 Appeal, which was presented to Crofoot on April 3, 2007, Hazle cited to legal authorities confirming the unconstitutionality of the parole conditions that were being imposed upon him.

25. On April 6, 2007, Hazle was called out of a class at Empire and placed under arrest by Crofoot. Crofoot told Hazle that he had violated the terms of his parole by refusing to participate in residential treatment.

26. The decision to arrest Hazle for this supposed violation of the terms of his parole was conducted at the recommendation of Crofoot, and with the concurrence and approval of Crofoot's Unit Supervisor, Brenda Wilding. An oral order of return to prison on this basis was authorized by Commissioner Jallings.

27. Hazle was incarcerated at the Shasta County Jail, then transported to the High Desert State Prison, and ultimately sent to the CRC state prison in Norco, California, a facility recognized by California's governor to be "overcrowded" and "very dangerous for . . . the inmates." Hazle was incarcerated a total of roughly 125 days as a result of the revocation of his parole.

## FIRST CLAIM FOR RELIEF

(For Violation of Civil Rights under 42 U.S.C. section 1983; Against All Defendants)

28. Plaintiff realleges and incorporates by this reference each and every allegation of paragraphs 1 through 27 as if fully set forth in this claim for relief.

29. Defendants violated Hazle's rights under the Establishment Clause of the First Amendment of the United States Constitution by, among other things:

 (a) requiring him, as a condition of parole, to participate in a "12-step" program that contains substantial religious components;

 (b) rejecting his requests to fulfill the treatment condition of his parole through a secular and non-religious program; and

 (c) revoking his parole, and incarcerating him, because he resisted this coerced participation in a program that contains substantial religious components.

30. At the time that defendants took this action, the law was clearly established. Any reasonable official or person would have known that the conditions imposed on Hazle, and the actions taken against him, constituted an impermissible violation of Hazle's First Amendment rights.

31. As a result of this constitutional violation, Hazle was wrongly incarcerated for approximately 125 days in an overcrowded and dangerous state prison.

32. Hazle thus suffered an extended period of deprivation of liberty, the indignity of incarceration, and financial loss, stress, humiliation and emotional distress.

33. In committing these acts, defendants carried out, implemented and conformed to official or de facto policies, customs, practices and/or directives which had been issued, approved or condoned by other defendants. These policies, customs, practices and/or directives include, but are not limited to, the following: (1) requiring that persons released from state prison on drug-related charges participate in religious treatment programs, notwithstanding that such compulsory participation violates the Establishment Clause of the United States Constitution; (2)

failing to provide such persons with secular or non-religious alternatives for post-release treatment; (3) failing to implement procedures or protocols to accommodate parolees who object to the substantial religious components of the treatment facilities to which they are assigned; (4) revoking parole and incarcerating parolees who protest, object to, or refuse to participate in religious treatment programs.

34. These official policies, customs, practices and/or directives are causally and affirmatively linked to the deprivation of Hazle's constitutional rights.

35. Defendants have the final decision-making authority in selecting and implementing the policies, customs, practices and/or directives that caused the deprivation of Hazle's constitutional rights.

36. As a direct and proximate result of the actions and omissions of defendants, Hazle suffered loss of liberty, financial loss, and emotional distress, in an amount to be proved at trial.

37. In carrying out these unconstitutional acts, and in implementing these policies, customs, practices and/or directives, defendants acted intentionally, recklessly, oppressively, unjustifiably, and with gross and deliberate indifference to Hazle's constitutional right, justifying an award of punitive damages.

## SECOND CLAIM FOR RELIEF

(Taxpayer's Injunction Pursuant to CCP § 526a; Against All Defendants)

38. Plaintiff realleges and incorporates by this reference each and every allegation of paragraphs 1 through 37, as if fully set forth in this claim for relief.

39. Defendants, individually and collectively, have established, instituted and ratified policies and procedures that permit and encourage the Constitutional violations to which Hazle was subjected, whereby (a) persons convicted of drug-related offenses are required to participate in religious treatment programs in order to be eligible for parole, (b) such persons are not provided secular and non-religious post-release treatment alternatives, and/or (c) those persons

who protest or resist coerced participation in religious activities are subject to parole revocation and imprisonment.

40. These policies and procedures violate the Establishment Clause of the United States Constitution, and constitute an illegal expenditure of state resources and funds. Under California Code of Civil Procedure section 526a, Hazle seeks an order restraining and preventing this illegal expenditure.

WHEREFORE, plaintiff respectfully prays for judgment against each and all of the defendants as follows:

    a. For special, general and other compensatory damages according to proof;

    b. For an injunction prohibiting the illegal expenditure of state money to fund unconstitutional parole practices;

    c. For punitive damages according to proof;

    d. For attorneys' fees;

    e. For costs of suit; and

    f. For such other and further relief as the Court may deem appropriate.

Dated: September 29, 2008           CHAPMAN, POPIK & WHITE LLP

By: _____
John H. Heller
Attorneys for Plaintiffs Barry A. Hazle. Jr.

### JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all claims and issues so triable in this action.

Dated: September 29, 2008           CHAPMAN, POPIK & WHITE LLP

By: _____
John G. Heller
Attorneys for Plaintiff Barry A. Hazle, Jr.

No. _____ – Complaint for Damages and Injunctive Relief; Jury Trial Demand