UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BARRY A. HAZLE, JR., | ) | 2:08-cv-02295-GEB-EFB |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE |
| MITCH CROFOOT, individually and as Parole Officer of the CA Dept of Corrections;  BRENDA WILDING, individually and as Unit Supervisor of the CA Dept, of Corrections; MATTHEW CATE, individually and as Secretary of the CA Dept. Of Corrections;  SCOTT KERNAN, individually and as Chief Deputy Secretary of Adult Operations of the CA Dept of Corrections and Rehabilitation;  TOM HOFFMAN, Individually and as Director of the Division of Adult Parole Operations in California;  DEPUTY JALLINGS, individually and as Deputy Commissioner;  WESTCARE, A Nevada Non-Profit Corporation, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants.[1] | ) | |

The September 29, 2008, Order Setting Status (Pretrial Scheduling) Conference (" September 29 Order") scheduled a status conference in this case for January 20, 2009, and required a status report be filed no later than fourteen days prior to the status

---

[1]     The caption is changed to reflect the dismissal of Defendants Marion Smith and Mental Health Systems, Inc., filed on December 2, 2008.

1

1 | conference.

2 |    Plaintiff is ordered to show cause ("OSC") in a writing to

3 | be filed on later than 4:00 p.m. on February 4, 2009, why sanctions

4 | should not be imposed against him and/or his counsel under Rule 16(f)

5 | of the Federal Rules of Civil Procedure for failure to file a timely

6 | status report. The written response shall also state whether Plaintiff

7 | or his counsel is at fault, and whether a hearing is requested on the

8 | OSC.[2]  If a hearing is requested, it will be held on February 17,

9 | 2009, at 9:00 a.m., just prior to the status conference, which is

10 | rescheduled to that date.  In accordance with the requirements set

11 | forth in the September Order, a status report shall be filed no later

12 | than fourteen days prior to the status conference.

13 |    IT IS SO ORDERED.

14 | Dated:  January 12, 2009

15 |

16 | _____
GARLAND E. BURRELL, JR.
United States District Judge

17 |

---

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).