IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY A. HAZLE, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>MITCH CROFOOT, individually and as Parole Officer of the CA Dept. of Corrections; BRENDA WILDING, individually and as Unit Supervisor of the CA Dept. of Corrections; SCOTT KERNAN, individually and as Chief Deputy Secretary of Adult Parole Operations in California; Deputy Commission JAILINGS, individually and as Deputy Commissioner of the Board of Prison Hearings; and WESTCARE, a Nevada non-profit corporation,<br><br>            Defendants. | 2:08-cv-02295-GEB-EFB<br><br>ORDER DENYING DEFENDANT WESTCARE'S MOTION TO BRING IN THIRD PARTY DEFENDANT[*] |

On August 12, 2009, Defendant Westcare filed a Motion to Bring in Third-Party Defendant Empire Recovery Center under Federal Rule of Civil Procedure 14. The motion is denied since Westcare failed to satisfy the "good cause" standard justifying amendment of

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

the following provision in the February 12, 2009 pretrial scheduling order: "No further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown." Although Westcare seeks to join Empire Recovery Center under Federal Rule of Civil Procedure 14, the above quoted provision in the February 12 pretrial scheduling order first requires determination whether this provision should be amended under Rule 16(b)'s good cause standard, before the issue is reached whether amendment sought under Rule 14 is justified. A provision of the scheduling order shall not be amended absent a showing of good cause:

> Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (Citations and quotation omitted).

Since Westcare has not satisfied the good cause standard, its motion is denied.

Dated: September 29, 2009

GARLAND E. BURRELL, JR.
United States District Judge

2