IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY A. HAZLE, JR.,           )
                               )
            Plaintiff,         )   2:08-cv-02295-GEB-EFB
                               )
     v.                        )   ORDER ON MOTIONS IN LIMINE
                               )
MITCH CROFOOT, et al.,         )
                               )
            Defendants.        )
_____)

Nine motions in limine are addressed below.

### I. Plaintiff's Motions in Limine

**A. Plaintiff's Motion in Limine No. 1**

Plaintiff seeks in his first motion to exclude evidence concerning whether he "agreed to participate in [a] NA or AA-based program as a term or condition of his parole." (Docket # 104.) Plaintiff contends this evidence is irrelevant under Federal Rule of Evidence 402, because "it would be a defense to liability" which "has already been adjudicated." Defendants counter the evidence is relevant on the following propositions: the state of mind each defendant had "when . . . actions were taken – i.e., that . . . [defendant was] not motivated by evil motive or intent, elements in plaintiff's claim for punitive damages;" on "consideration of value associated with . . . [plaintiff's] loss of liberty claim," since

1

plaintiff would not have been released "had he not agreed to the conditions of parole;" and on plaintiff's credibility under Federal Rule of Evidence 608 since "[b]y plaintiff's own admission during discovery, he knowingly lied to obtain what he wanted, for whatever reason."

Plaintiff responds in his reply brief with the new argument that this evidence should be excluded under Federal Rule of Evidence 403. However, Plaintiff's Rule 403 argument is waived since it was not stated as a basis for exclusion of the evidence in Plaintiff's opening brief. See United States v. Anderson, 472 F.3d 662, 668 (9th Cir. 2006)("Issues raised for the first time in an appellant's reply brief are generally deemed waived."); Alcan Elec. & Eng'g, Inc., 197 F.3d 1014, 1020 (9th Cir. 1999) (stating that argument raised on appeal for the first time in a reply brief is waived and need not be considered).

Since it is unclear what Defendants mean in the portion of their argument in which they contend the evidence is relevant as to the "value associated" with Plaintiff's "loss of liberty claim," that argument has not been shown to be a basis for admission of the evidence. However, the document is probative on each Defendant's state of mind when the decisions were made to place Plaintiff into the program, keep him in the program, subsequently revoke his parole, and incarcerate him, and is therefore admissible on Plaintiff's damage claims. Further, since Plaintiff seeks punitive damages, a determination must be made whether or not each Defendant's conduct was driven by evil motive or intent, or involved a reckless disregard of Plaintiff's rights under the Establishment Clause. Morgan v. Woessner, 997 F.2d 1244, 1255 (9th Cir. 1993). Each Defendant's involvement with

Plaintiff's placement into the program and to what Defendant would be subject therein is relevant to these damage issues. Since Plaintiff has not shown that the referenced evidence is irrelevant to his damage claims, the motion is denied.

**B.  Plaintiff's Motion in Limine No. 2**

Plaintiff seeks in his second motion to exclude two certificates of achievement that purport to confirm Plaintiff's completion of twelve weeks of NA and AA substance abuse programs during his incarceration at Norco State Prison from May 2006 through February 2007.  (Docket # 105.)  Plaintiff argues the certificates are irrelevant inadmissible hearsay.  The portion of Plaintiff's motion challenging the AA certificate is denied as moot since Defendants state in their response that they "agree to withdraw" the AA certificate as an exhibit.

Defendants argue that the NA certificate is admissible "to refute [Plaintiff's] emotional distress claims for attending a program that was the equivalent of the program he attended in prison before being paroled."  Since this evidence has not been shown inadmissible on this proposition, this motion is denied.

**C.  Plaintiff's Motion in Limine No. 3**

Plaintiff seeks in his third motion to exclude Mel Huffman from testifying about Hazle's "participation in NA and AA meetings while in Norco State prison before the events at issue in this litigation."  (Docket # 106.)  Plaintiff argues this witness should be excluded because Defendants did not identify Huffman in their response to Plaintiff's interrogatory, which states:

> If you contend that Barry Hazle participated in one
> or  more  12-STEP  MEETINGS  while  incarcerated  in
> California     Rehabilitation     Center     in     Norco,

3

```
                California,  state  all  facts  that  support  such
                contention, including the IDENTITY of persons with
                knowledge of such facts.
```

(Heller Decl. Ex. E., Special Interrogatory No. 1.)  Defendants did not identify Mel Huffman in their response.  Defendants argue Plaintiff "was fully aware of [Huffman's] identit[y]" because Huffman's identity was "disclosed by Plaintiff himself when he produced documents to Defendants that had been provided to Plaintiff by Mental Health Systems."  However, Defendants have not offered support for their conclusory argument that Plaintiff's referenced production of documents is sufficient to notice Plaintiff that Defendants intended to have Huffman testify about Plaintiff's participation in NA and AA meetings.

        Federal Rule of Civil Procedure 26(a)(1)(A)(i) imposes on each party a duty to disclose initially, "the name . . . of each individual likely to have discoverable information."  "A party . . . who has made a disclosure . . . or who has responded to an interrogatory . . . must supplement or correct its . . . response . . . if the party learns that in some material respect the disclosure or response is incomplete."  Fed. R. Civ. P. 26(e)(1).  "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

        Defendants have not met their burden of showing their failure to identify Huffman as a witness was "substantially justified or . . . harmless."  Fed. R. Civ. P. 37(c)(1); see also Megus v. Emporia State Univ., 326 F. Supp. 2d 1213, 1218 (D. Kan. 2004)

1  (rejecting defendant's argument "that by disclosing a document, it has
2  sufficiently disclosed its intent to 'call the authors as witnesses at
3  trial to authenticate the complaint documents.'").  Therefore, this
4  motion is granted.
5       Plaintiff also seeks in his third motion to exclude Cynthia
6  Cate, R. Thurman, and Barry Lindstrom from testifying about
7  Plaintiff's participation in NA or AA-based programs.  This portion of
8  the motion is denied as moot since Defendants state they will not
9  call these individuals as witnesses.
10 **D.   Plaintiff's Motion in Limine No. 4**
11      Plaintiff seeks in his fourth motion to exclude a worksheet
12 containing "a number of expletives" filled out by Plaintiff during his
13 final day at Empire Recovery Center.  (Docket # 107.)  Plaintiff
14 argues the worksheet is "not relevant" and is "more prejudicial than
15 probative."
16      Defendants counter the worksheet is relevant to show
17 Plaintiff's "subjective value of his liberty – measured by what he was
18 doing and would have done with it."  Specifically, Defendants argue
19 the worksheet is "illustrative of Plaintiff's intent, motive or design
20 regarding his true purpose for participating in the Empire Substance
21 abuse program."  Plaintiff replies he would be prejudiced if the
22 worksheet is admitted and that this prejudice is not outweighed by any
23 probative value the worksheet has.  Defendants have not shown that how
24 Plaintiff subjectively values his liberty is a proposition that
25 justifies admission of this evidence.
26      Defendants also argue the worksheet is admissible to impeach
27 Plaintiff because it "bears on his character for truthfulness."
28 Further, Defendants conclude arguing: "This evidence affects his

1 credibility, which the jury must be free to assess given the
2 essentially subjective nature of Plaintiff's claim for damages," and
3 that the exhibit is admissible for the jury's "consideration of
4 damages and credibility in this case."  Plaintiff rejoins Defendants
5 have "identif[ied] no lie in this document, [nor an] example of
6 untruthfulness that might bear on this issue."
7     Plaintiff's arguments show that the worksheet has probative
8 value on Plaintiff's emotional distress claim, which is not
9 substantially outweighed by the danger of unfair prejudice.
10 Defendants are permitted to admit evidence probative on whether
11 Plaintiff endured mental anguish due to Defendants' impermissible
12 coercion.  Plaintiff wrote the contents of the worksheet after he "had
13 been seeking unsuccessfully for weeks to convince authorities of his
14 right to be free from compulsory religious training."  Therefore, what
15 he wrote is admissible on the proposition of whether and to what
16 extent he suffered emotional distress due to impermissible coercion.
17 Whether Plaintiff experienced stress caused by interference with his
18 decision not to be subjected to anything  religious, and the nature of
19 any such interference, are relevant to Plaintiff's damage claims.
20 Therefore, Plaintiff's motion is denied.
21 **E.  Plaintiff's Motion in Limine No. 5**
22     Plaintiff seeks in his fifth motion to exclude the following
23 six "encounters with law enforcement": (1) a 1987 arrest for public
24 drunkenness; (2) a 1989 arrest and conviction for felony possession of
25 a controlled substance; (3) a 1990 arrest and conviction for felony
26 possession of a controlled substance; (4) a "1991-1993
27 (approximately)" arrest and conviction for driving on a suspended
28 license, a misdemeanor; (5) a 1995 arrest and conviction for felony

possession of a controlled substance; and (6) a 2001 arrest for fighting in public, a misdemeanor. (Docket No. 108.) Plaintiff argues these arrests and convictions are "not relevant" to the damages issue, "not admissible for impeachment," and that the probative value is "far outweighed by [their] potential for unfair[] prejudic[e]."

Defendants counter "they do not intend to introduce evidence of Plaintiff's felony convictions at trial for the purpose of attacking Plaintiff's character for truthfulness; rather, they "seek to introduce evidence of Plaintiff's felony convictions for [their] relevance to valuing Plaintiff's claim for loss of liberty damages." Defendants further argue "[e]vidence of Plaintiff's clearly-demonstrated propensity for repeatedly engaging in, and being convicted for, the same felonious behavior over a span of more than twenty years . . . is highly probative of the fact that through his own conduct, he places little value on his liberty."

Defendants' argument that evidence of demonstrates Plaintiff's "propensity for repeatedly engaging in, and being convicted for, the same felonious behavior over a span of more than twenty years" appears to suggest the evidence is offered for impersible character evidence purpose. This argument has not been shown to be a basis for denying Plaintiff's motion. However, Defendants' argument that the evidence is relevant "to valuing Plaintiff's claim for loss of liberty damages" is persuasive. "[P]laintiff's prior incarceration[s] [are] relevant to the extent he claim[s] damages for mental suffering occasioned by wrongful confinement." Green v. Baca, 226 F.R.D. 624, 657 (C.D. Cal. 2005)(stating "the court agrees that the fact that plaintiff has been incarcerated on a number of prior occasions, and the length of those

1  periods of incarceration, is relevant to the jury's consideration of
2  the damages he is entitled to recover in this case."); See also Ford
3  v. Wells, 347 F.Supp. 1026, 1030 (D.C. Tenn. 1972)(noting that a
4  person incarcerated numerous times before "being unlawfully arrested
5  and imprisoned" may not be "as damaged by being unlawfully arrested
6  and imprisoned as another person with an unblemished record might have
7  been."). As the Fifth Circuit observed in Bryan v. Jones, 519 F.2d 44
8  (5th Cir. 1975), when a plaintiff is allowed to introduce evidence of
9  the adverse conditions of his confinement, defendants should be given
10  the opportunity to develop all factual elements which relate to his
11  damages. Bryan v. Jones, 519 F.2d 44, 46 (5th Cir. 1975).

> One such element is the suffering caused by the very fact of incarceration, absent any issue concerning the condition of or reason for such incarceration. Even a minimal sort of penal confinement may be debilitating to many. Under comparable conditions of confinement, however, this mental anguish may be much less for the recidivist than for one incarcerated for the first time. Therefore, the fact of prior imprisonment is a consideration to the extent of mental suffering occasioned by the wrongful confinement.

Id. (internal citations omitted).

Therefore, this motion is denied.

**F.   Plaintiff's Motion in Limine No. 6**

Plaintiff seeks in his sixth motion to exclude evidence that on May 15, 2010, he was arrested and charged with (1) possession for sale of marijuana; (2) possession of a controlled substance; and (3) possession of a knife in a motor vehicle. (Docket # 109.) This motion is denied as moot since Defendants state they "do not intend to present any evidence of Plaintiff's May 15, 2010 arrest."

///
///

**G.  Plaintiff's Motion in Limine No. 7**

Plaintiff seeks in his seventh motion to exclude Directive 08-06 and an email from Robert Neil dated September 21, 2007. (Docket # 110.) This motion is denied as moot since Defendants respond that these exhibits are withdrawn. (Docket # 145.)

## II.  Defendants' Motions in Limine

**A.  Defendants' Motion in Limine No. 1**

Defendants seek in their first motion "an order restricting all of Plaintiff's non-party witnesses from entering the courtroom until called to testify" "in order to minimize the risk that the witnesses will be unfairly educated on the forthcoming interrogation." (Docket # 101.) Plaintiff responds in a "conditional non-opposition" that the non-party witnesses should be permitted to attend "other points in the trial proceedings" besides testimony of other witnesses. Defendants reply that all witnesses be excluded from attending the opening statement, as well as "any other part of the trial, prior to their actually taking the stand to testify."

Federal Rule of Evidence 615, which addresses the sequestration of witnesses, reads in part: "At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . ."  However, "a party's request for the exclusion of witnesses prior to opposing counsel's opening statement [is not] within the purview of Rule 615." U.S. v. Brown, 547 F.2d 36, 37 (3d Cir. 1976).

> Admittedly, there may exist a danger of improper suggestions to witnesses during counsel's opening statement, but that danger is not dealt with in Rule 615. The decision as to whether witnesses should be excluded prior to counsel's opening statement is committed to the discretion of the district court.

Id. Here, Defendants argue that "given the subjective nature of Plaintiff's damages, and the family-type relationships of the non-party witnesses to Plaintiff" the Court should exercise its discretion to exclude these witnesses from the opening statements. Defendants' position is persuasive. Therefore, all non-party witnesses are excluded from attending any part of the trial, including opening statements, prior to giving their own testimony.

**B.   Defendant's Motion in Limine No. 2**

Defendants seek in their second motion to exclude "any and all testimony of (1) Danny Ratledge; (2) Paul Soden; (3) Jackie Berryessa; (4) Maline Hazle; (5) Judy Pfahnl; and (6) Brian Hazle, identified by Plaintiff as trial witnesses in . . . the Joint Pretrial Statement." (Docket # 102.) Defendants argue Plaintiff failed to identify these witnesses "in his Rule 26 Initial Disclosures or during the course of discovery." In support of their motion, Defendants filed Plaintiff's Rule 26 initial disclosures, which do not list the six defendants to which Defendants object. (Irby Decl. Ex. A.)

Plaintiff argues he disclosed the identity and contact information for each of the six witnesses in November 2009, when he responded to an interrogatory propounded by Defendant Westcare. Plaintiff also presented a proof of service showing that Defendants' counsel received this information. Plaintiff argues this shows Defendants had actual notice of the identities of these witnesses, and therefore, Plaintiff's failure to disclose this information to Defendants in some other manner is "harmless." Therefore, Defendant's motion is denied.

Defendants also argue these witnesses lack "personal knowledge" to testify about Plaintiff's emotional distress, and

10

"[c]onsequently, any testimony that any of the Plaintiff's proposed lay witnesses might give regarding Plaintiff's alleged emotional distress damages . . . would not be helpful to, and in fact could confuse, the jury."  Plaintiff responds that testimony of "persons close to the plaintiff is appropriate and relevant" to emotional distress damages.  This motion lacks a sufficient factual context for an in limine ruling and is therefore denied since it concerns issues that now should be decided during trial.

Dated:  June 17, 2010

GARLAND E. BURRELL, JR.
United States District Judge