UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY A. HAZLE, JR., | No. 2:08-cv-02295-GEB-EFB |
| Plaintiff, | |
| v. | **ORDER CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |
| MITCH CROFOOT, individually and as Parole Officer of the CA Dept. of Corrections; BRENDA WILDING, individually and as Unit Supervisor of the CA Dept. of Corrections; MATTHEW CATE, individually and as Secretary of the CA Dept. of Corrections; SCOTT KERNAN, individually and as Chief Deputy Secretary of Adult Operations of the CA Dept. of Corrections and Rehabilitation; TIM HOFFMAN, individually and as Director of the Division of Adult Parole Operations in California; DEPUTY JALLINGS, individually and as Deputy Commissioner; WESTCARE, A Nevada Non-Profit Corporation, | |
| Defendants. | |

A status conference was scheduled in this action for July 21, 2014, following the Ninth Circuit's mandate in *Hazel v.*

1

*Crofoot,* 727 F.3d 983 (9th Cir. 2013). The parties indicate in the Joint Status Report filed July 7, 2014, in relevant part, as follows:

> **C.   Amendment of pleadings/joinder of parties**
>
> **Plaintiff's position**: On remand, Hazle will move to amend the complaint to replace Matthew Cate with his successor as Secretary of the California Department of Correction and Rehabilitation, Dr. Jeffrey Beard. He will similarly move to amend the complaint to add current administrators in place of former administrators. He will also move to amend to add an additional plaintiff on the injunctive relief claim to streamline the case and avoid further proceedings on defendants' taxpayer standing arguments.
>
> **Defendants' position**: The State Defendants and Westcare oppose any motion to add another plaintiff to this case—given the case was filed in 2008. The State Defendants and Westcare relied on the completed discovery and Rule 26 exchanges in filing their injunctive-relief summary judgment, and, had the district court specifically decided in its order granting summary-judgment to the State Defendants that Hazle lacked taxpayer standing, the order would have stood.
>
> **D.   Anticipated motions**
>
> **Plaintiff's position**: Hazle anticipates that he may bring a partial summary judgment motion as to Westcare's liability under section 1983. This will be based, in part, on the Ninth Circuit's determination "that a foreseeable result of Westcare's actions in providing only religion-based programs for parolees is that some California prisoners will be required to submit to religious treatment programs despite their objections. Our case law requires no more to establish proximate causation." *Hazle*, 727 F.3d at 996.
>
> **Westcare's position**: Westcare will oppose Hazle's motion and anticipates bringing a motion for summary judgment inasmuch as it was not a state actor as required pursuant to section 1983 or is

otherwise immune from liability.

**State Defendants' position**: The State Defendants anticipate moving the Court to specifically decide Hazle's lack of taxpayer standing, as was raised in the State Defendants' summary-judgment motion on Hazle's injunctive relief claim. This issue was fully briefed before the appeal, and should be decided, notwithstanding the Ninth Circuit's decision on the Westcare's motion on the mootness argument.

**E.   Discovery and disclosures**

**Plaintiff's position**: Hazle proposes that, given the four years that have passed since the initial trial supplemental Rule 26 disclosures be made and limited discovery be authorized on Hazle's injunctive relief claim.

**Defendants' position**: The State Defendants and Westcare oppose the reopening of discovery concerning Hazle's injunctive-relief claim and supplemental Rule 26 disclosures. It is prejudicial to the State Defendants and Westcare to allow for supplemental disclosures on a matter that was and should have been resolved concerning Hazle's lack of taxpayer standing, and thus, permit Hazle to avail himself of the passage of time to attempt to correct a fatal flaw in his case. All discovery was previously completed in this regard.

(JSR 4:3-5:12, ECF No. 192.)

These statements fail to comply with the parties' obligation under Rule 16 to provide meaningful information on when the referenced motions will be filed. The parties also failed to propose dates in the JSR for the final pretrial conference and trial.

Therefore, the Status Conference scheduled for hearing on July 21, 2014, is continued to August 4, 2014, at 9:00 a.m. A further joint status report shall be filed no later than fourteen (14) days prior to the Status Conference, in which the parties

3

1  shall propose dates for the final pretrial conference, trial, and
2  on when any referenced motion will be filed.
3           IT IS SO ORDERED.
4  Dated:  July 14, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge